## RANDALL B. WILCOX *vs.* EZEKIEL EMERSON.

An execution in favor of A., issued by a justice of the peace, was levied on the realty of E., the defendant, and the realty was bought by W., at the execution sale. The officer levying the execution executed a proper deed, but in making his return on the execution omitted to state that the sale had been advertised as required by statute : —

The justice who issued the execution being dead, and the original execution being lost while in the custody of the Supreme Court, but a copy remaining which all parties agreed should be considered as an original, W. moved for permission to the officer to amend his return : —

*Held*, that the amendment should be allowed ;· the amendment proposed being true, all parties in interest being before the court, and no rights of third parties having intervened.

*Held*, further, that permission to amend should not be refused although the sale took place without the knowledge of E., the price realized was inadequate, and a new trial had been granted to the defendant since the sale occurred.

PLAINTIFF'S motion that a constable might be allowed to amend his return on an execution.

The former proceedings in this case and the facts involved are stated in 10 R. I. 270. After the opinion there reported, given at the March Term, 1872, the plaintiff moved that the constable might be allowed to amend his return and to set forth in it the advertisement of the execution sale.

*George H. Browne*, for the plaintiff, in support of the motion.

*A. & A. D. Payne*, contra.

The motion to amend is always addressed to the discretion of the court, and will not be allowed when injustice would be caused by the amendment. *Miller* v. *Shackleford*, 4 Dana, 264 ; U. S. Digest, First Series, vol. 1, p. 253, 1530.

The return cannot be amended in any appellate court ; *Pilkey* v. *Gleason*, 1 Iowa, 85 ; U. S. Digest, First Series, vol. 1, p. 255, 1563 ; much less in another court, in a collateral proceeding where the original judgment is vacated and the court is dead.

The numerous decisions which allow amendments almost as a matter of course apply only to cases where no rights have intervened, where no injustice would be done, and where substantial justice requires the amendment, and not to a case where the result might be to deprive a party unlawfully of a large property, and when the officer can repair all the injury which the plaintiff has sustained, if any, by the payment of a few dollars.

*March* 3, 1877.    DURFEE, C. J.    This is an application for leave to have a constable's return on an execution amended. The execution issued on a judgment recovered by one David G. Allen against Ezekiel Emerson, who is defendant in this case, in an action brought before Joseph T. Sisson, justice of the peace. The judgment was for ten dollars and costs, and was rendered on default, March 17, 1863.

The execution issued April 9, 1863, and was levied May 7, 1863, on the defendant's real estate, which was sold, after advertisement, August 10, 1863, for $24.36, to the plaintiff, Randall B. Wilcox.   The constable executed a proper deed and indorsed a return on the execution, which set forth the levy and sale, but which did not set forth that the sale was advertised, as required by statute, though a copy of the advertisement, cut from a newspaper, was pasted on the back of the execution near the return. See 10 R. I. 271.   The application is for leave to the constable, who is still in office, to remedy this defect.   The constable testifies that the advertisement was duly published.   The publisher of the newspaper, in which it was inserted, testifies to the same effect, and produces copies of the paper, of different dates, in which it appears.

Since the return was made on the execution, the justice of the peace who issued it has died.   The execution was produced before us several years ago from among the papers left by the deceased justice.   It has been lost or mislaid while in our custody.   We have, however, a copy of it, which it is agreed shall be treated as if it were the original.

The defendant resists the amendment on two grounds: *First*, that the court cannot properly entertain the application; and *Second*, that, if it can, it will not allow the amendment, because of the great injury which may result therefrom to the defendant.

The officer can amend at will before he has returned the execution into court. After he has returned the execution into court he cannot amend without leave, ordinarily grantable by the court. The peculiarity of this case is, that the justice to whom the execution was returnable is dead, and leaves no successor. There is, therefore, no one to allow or refuse to allow the amendment, unless this court can do so. The right to allow or to refuse to allow an amendment grows out of the custody of the record, being incident to the right of the court to preserve its records inviolate. This court has for the time being the custody or control of the execution. It is the Supreme Court of the state, all other courts and justices being not only inferior but subordinate to it. Furthermore, we not only have the temporary custody or control of the execution, but we also have before us all the parties who are interested in the proposed amendment. We think, therefore, in the circumstances, whatever opinion we might hold if the justice who issued the execution were still alive and in office, we may properly entertain the application.

The defendant contends that the exercise of the jurisdiction, if we have it, is discretionary, and that we ought not to exercise it in the case at bar. It is true it is discretionary to some extent. For instance, the court will not permit the amendment unless it has reason to believe that the amendment if made will be according to the fact. Generally, also, it will not permit the amendment when the rights of third parties have intervened and will be prejudiced by the amendment. We cannot refuse leave to amend upon either of these grounds. The proposed amendment is according to the fact. No rights of third parties have intervened. The ground on which the amendment is resisted is, that the execution sale was without the knowledge of the defendant; that the price realized by the sale was inadequate; that since the sale a new trial of the case in which the execution issued has been granted to the defendant. Now these things may all be true, and yet the plaintiff may have acquired a good title to the land sold under the execution but for the defect in the return. These things taken by themselves simply show a case of hardship for the defendant; but the plaintiff has bought the land and paid for it, and we do not think he should lose the

benefit of his purchase, in the absence of any fraud or miscon-duct on the part of himself or the officer who made the sale, merely because it will be hard for the defendant to lose his land. No sufficient evidence has been adduced to show that either the plaintiff or the officer has been guilty of any such fraud or mis-conduct as should invalidate the sale. Indeed, if any such evi-dence exists, the proper time for its presentation is not now, but on the trial of the action, if it constitutes a legal defence; or, if not, on a suit in equity, in which all the equities between the parties can be duly adjusted.                    *Motion granted.*